**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**DENISE J. JACKSON et al.,**

                **Plaintiffs,**

                v.

**CITITRENDS UTICA, NEW YORK,**

                **Defendant.**

**6:20-cv-14
(GLS/ATB)**

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Denise J. Jackson | |
| Pro Se | |
| 1651 Dudley Avenue | |
| P.O. Box 8846 | |
| Utica, NY 13501 | |
| | |
| Andre K. Jackson, Jr. | |
| Pro Se | |
| 1651 Dudley Avenue | |
| Utica, NY 13501 | |
| | |
| **FOR THE DEFENDANT:** | |
| Jackson Lewis P.C. | CHRISTOPHER JOHN |
| 677 Broadway | STEVENS, ESQ. |
| 4th Floor | |
| Albany, NY 12207 | |
| | |
| 677 Broadway | KRISTI RICH WINTERS, ESQ. |
| 9th Floor | |
| Albany, NY 12110 | |

**Gary L. Sharpe
Senior District Judge**

# **MEMORANDUM-DECISION AND ORDER**

## **I. Introduction**

Plaintiffs *pro se* Denise J. Jackson and Andre K. Jackson, Jr., mother and son, commenced this action against defendant Cititrends Utica, New York in New York State Supreme Court in Oneida County. (Compl., Dkt. No. 2.) Plaintiffs allege that Cititrends violated their Fourth Amendment rights and "consumer rights," and treated them with "bias[]" and "prejudic[e]." (*Id.* at 1.) Cititrends removed the action to this court on the basis of federal question and diversity jurisdiction, (Dkt. No. 1), and then moved to dismiss the complaint in its entirety, (Dkt. No. 12). For the reasons that follow, Cititrends' motion to dismiss is granted, and plaintiffs' complaint is dismissed without prejudice and with leave to amend.

## **II. Background**[1]

On August 30, 2019, plaintiffs went to a Cititrends retail store in Utica, New York on two separate occasions. (Compl. at 2.) During their first trip to the store, plaintiffs purchased certain merchandise and were "check[ed] out" by a cashier named "T. Alston" who was "very rude" to them. (*Id.*)

---

[1] The facts are drawn from plaintiffs' complaint, (Dkt. No. 2), and presented in the light most favorable to them.

2

Later that day, plaintiffs returned to the store to buy items that they "forgot to purchase," and waited in the line of the store manager, "Pedro." (*Id.*) Plaintiffs note that there was one person in front of them in line, who was "of a different nationality" than them. (*Id.*)

Plaintiffs allege that when they arrived at the counter, Pedro "told [them] to go to the black cashier" and stated that that cashier "would wait on 'you people.'" (*Id.*) While plaintiffs picked up their merchandise to bring over to the other cashier, which "creat[ed] a huge scene," Pedro continued to assist people of "another nationality." (*Id.*) Plaintiffs allege that it was humiliating to them that, in front of the whole store, Pedro refused to wait on them "because of [their] skin color." (*Id.*)

When plaintiffs returned home, they were "devastated" by what happened, and they called the store to complain. (*Id.* at 2-3.) Pedro answered their call, but laughed at them and promptly hung up the phone. (*Id.* at 3.) Plaintiffs then called back a second time, and spoke to Pedro again, who was still laughing, but provided them with his name and his supervisor's name. (*Id.*) The foregoing events have caused plaintiffs to be "tremendously devastated, deeply wounded[,] and emotionally scarred for life." (*Id.*)

It is difficult to discern exactly which claim(s) plaintiffs bring against Cititrends. Indeed, plaintiffs write in generalities about the Fourth Amendment, "consumer rights," and "hate crimes." (*Id.* at 1-3.) However, reading the complaint liberally given plaintiffs' *pro se* status, the court agrees with Cititrends, (*see generally* Dkt. No. 12, Attach. 1), that plaintiffs attempt to allege the following claims: (1) a Fourth Amendment claim; (2) a claim pursuant to 42 U.S.C. § 1981; (3) a claim pursuant to 42 U.S.C. § 1983; and (4) a New York State Human Rights Law claim. Additionally, the court reads the complaint as attempting to bring a claim pursuant to Title II of the Civil Rights Act,[2] and an intentional infliction of emotional distress (IIED) claim pursuant to New York State law.[3] Plaintiffs request $1,600,000,000 in total damages.[4] (Compl. at 3.)

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled

---

[2] *See* 42 U.S.C. § 2000a.

[3] Plaintiffs also make general references to "hate crimes" in their complaint and in their response to Cititrends' motion to dismiss. (Compl. at 3; Dkt. No. 19 at 1.) Thus, it is worth noting that "the federal criminal hate crime statute, 18 U.S.C. § 249(a), does not create a private right of action." *Pierce v. N.Y. State Police (Troop D Lowville)*, No. 7:05-CV-1477, 2011 WL 1315485, at *7 (N.D.N.Y. Apr. 4, 2011) (citations omitted).

[4] In response to Cititrends' motion to dismiss, plaintiffs seem to change their demand to $10,000,000 in damages. (Dkt. No. 19 at 1.)

4

and will not be repeated here. For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV. **Discussion**

Cititrends moves to dismiss plaintiffs' complaint in its entirety, arguing that Cititrends is not a "state actor" and was not acting under "color of state law"; plaintiffs were not prevented from purchasing any items at the store; and the court should decline to exercise supplemental jurisdiction over any state law claims. (Dkt. No. 12, Attach. 1 at 4-7.) In response, plaintiffs do not substantively respond to any of Cititrends' arguments, or explain why their claims should be maintained under the controlling case law that was presented to them. (*See generally* Dkt. No. 19.) Instead, plaintiffs merely argue that they will be able to adequately allege their claims after discovery—specifically, after they are provided a video-recording of the relevant events. (*Id.*)

However, "discovery is not for the purpose of finding a cause of action." *Perez v. Johnson*, No. 07 Civ. 3761, 2008 WL 2876546, at *3 (S.D.N.Y. July 23, 2008). To be sure, in ruling on a motion to dismiss, the court accepts as true all allegations in the complaint. *See Goldstein v.*

5

*Pataki*, 516 F.3d 50, 56 (2d Cir. 2008).  Accordingly, discovery is not needed, and the court will decide Cititrends' motion to dismiss with the information it has before it.

## A.     Section 1983 Claims

Plaintiffs' Fourth Amendment and general civil rights claims pursuant to 42 U.S.C. § 1983 must be dismissed, because there are no allegations that Cititrends, a private retail establishment, was a state actor or acting under color of state law.  "In order to state a claim under § 1983, a plaintiff must allege that [his federal statutory or constitutional rights were violated] by either a state actor or a private party acting under color of state law." *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citation omitted).  "Private actors and institutions generally are not proper defendants to a 42 U.S.C. § 1983 action, because they do not act under color of state law."  *White v. Monarch Pharm., Inc.*, 346 F. App'x 739, 740 (2d Cir. 2009) (citation omitted); *see Young v. Suffolk County*, 922 F. Supp. 2d 368, 389 (E.D.N.Y. 2013) ("[B]ecause there is no evidence that . . . defendants were acting under color of state law when they allegedly violated plaintiff's Fourth Amendment rights, summary judgment . . . is granted in their favor.").

However, a private institution may be liable under § 1983 if "there is a sufficiently close nexus between the State and the challenged action of the [private citizen or entity] so that the action of the latter may be fairly treated as that of the State itself." *DeMeo v. Tucker*, 509 F. App'x 16, 18 (2d Cir. 2013) (citation omitted). Such a nexus exists when

> the state exercises coercive power, is entwined in the management or control of the private actor, or provides the private actor with significant encouragement, either overt or covert, or when the private actor operates as a willful participant in joint activity with the State or its agents, is controlled by an agency of the State, has been delegated a public function by the state, or is entwined with governmental policies.

*Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 187 (2d Cir. 2005) (citation omitted).

Viewing plaintiffs' complaint in the light most favorable to them, Cititrends, a private retail establishment, is not a state actor and was not acting under the color of state law. Accordingly, any claim brought by plaintiffs against Cititrends pursuant to 42 U.S.C. § 1983, including their Fourth Amendment claim, must be dismissed. However, as explained below, (*see infra* Part IV.E), this dismissal is without prejudice.

## B.     Section 1981 Claim

Section 1981(a) provides, in relevant part, that, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State . . . to make and enforce contracts, . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  To establish a claim under this statute, "a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the statutorily enumerated activities."  *See Wong v. Mangone*, 450 F. App'x 27, 30 (2d Cir.  2011) (citation omitted).

The court assumes for purposes of this Memorandum-Decision and Order that plaintiffs are members of a racial minority, and that their allegations are sufficient to establish that, within the meaning of the statute, Pedro intended to discriminate against plaintiffs on the basis of their race.  However, plaintiffs' claim under 42 U.S.C. § 1981, to the extent they make such a claim, must be dismissed because they cannot show that the discrimination "concerned one or more of the statutorily enumerated

8

activities." *See Wong*, 450 F. App'x at 30.

The enumerated activity potentially at issue here is plaintiffs' right to a contracted-for experience with Cititrends. *See* 42 U.S.C. § 1981(b). However, "[v]irtually all federal courts that have analyzed Section 1981 claims in the retail merchandise context have required the plaintiff to show that he was actually prevented from making a purchase." *Benzinger v. NYSARC, Inc. N.Y.C. Chapter*, 385 F. Supp. 3d 224, 234 (S.D.N.Y. 2019) (quoting *Rogers v. Elliott*, 135 F. Supp. 2d 1312, 1315 (N.D. Ga. 2001)); *see Hammond v. Kmart Corp.*, 733 F.3d 360, 362 (1st Cir. 2013) ("[T]o satisfy the foundational pleading requirement for a [§ 1981] suit . . . a retail customer must allege that he was *actually denied* the ability either to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship, by reason of a race-based animus." (citation omitted)).

Accordingly, because plaintiffs were not prevented from purchasing anything at the store, this claim must be dismissed. *See Benzinger*, 385 F. Supp. 3d at 234; *Bentley v. United Ref. Co. of Pa.*, 206 F. Supp. 2d 402, 406 (W.D.N.Y. 2002) (dismissing a Section 1981 claim because the plaintiff "completed his intended purchases" and "mere delay, even coupled with

9

discourteous treatment, poor service, or racial animus, is insufficient to sustain a § 1981 claim" (citations omitted)).  However, as explained below, (*see infra* Part IV.E), this dismissal is also without prejudice.

**C.    Title II Claim**

Title II of the Civil Rights Act of 1964 prohibits discrimination in statutorily defined "place[s] of public accommodation."  *See* 42 U.S.C. § 2000a(a).  The statute's definition of "place of public accommodation" lists a number of entities covered, but none of these could be construed to include a retail establishment like Cititrends.  *See id.* § 2000a(b).  And "[b]ecause Congress specified the establishments which constitute places of public accommodation under § 2000a, courts in this circuit apply the statute to only those covered establishments."  *Renxiong Huang v. Minghui.org*, No. 17 Civ. 5582, 2018 WL 3579103, at *3 (S.D.N.Y. July 25, 2018) (citations omitted).

Indeed, case law makes clear that suit may not be brought under 42 U.S.C. § 2000a for discrimination in a retail store.  *See Chavez v. Wylie*, No. 18-cv-7965, 2019 WL 6873806, at *3 (S.D.N.Y. Dec. 17, 2019) ("Courts have found that retail establishments are not public accommodations under Title II." (internal quotation marks and citation

10

omitted)); *Bishop v. Henry Modell & Co.*, No. 08 Civ. 7541, 2009 WL 3762119, at *13 (S.D.N.Y. Nov. 10, 2009) ("[R]etail stores are not places of public accommodation within the meaning of [Title II]." (citations omitted)).

Accordingly, plaintiffs' Title II claim, to the extent they allege such a claim, must be dismissed. And, because better pleading cannot cure plaintiffs' defect without an entirely new set of facts and allegations (*i.e.*, Cititrends cannot be considered a place of public accommodation) any amendment would be futile as to this claim. Thus, plaintiffs' Title II claim is dismissed with prejudice. *See Shortell v. Office of Court Admin.*, No. 12 Civ. 0534, 2012 WL 3230492, at *1 (E.D.N.Y. Aug. 6, 2012).

D.    **State Law Claims**

"It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) (citations omitted). "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity." *Id.* (citation omitted). Here, because all of plaintiffs' federal claims are dismissed, the court

11

declines to exercise supplemental jurisdiction over their state law claims, to the extent that they bring any.

However, in light of the court's decision to grant plaintiffs' leave to amend their complaint, (*see infra* Part IV.E), the court notes that, under New York law, an IIED claim has four elements: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and the injury; and (iv) severe emotional distress." *Chanko v. Am. Broad. Cos., Inc.*, 27 N.Y.3d 46, 56 (2016) (citation omitted). As to the first element, the "conduct [must have] been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotation marks and citation omitted).

### E.  Leave to Amend

When addressing a *pro se* complaint, a district court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations

omitted). Given their *pro se* status, and because, with the exception of the Title II claim, amendment may cure plaintiffs' deficient claims, plaintiffs' complaint is dismissed without prejudice and with leave to amend.

If plaintiffs file an amended complaint, they must do so within thirty days of this Memorandum-Decision and Order, and they should consider the rules and analysis explained herein when doing so. Further, any proposed amended complaint must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Cititrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). This means that any proposed amended complaint cannot merely refer back to plaintiffs' previous pleadings, nor should it include a Title II claim, which the court has dismissed.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Cititrends' motion to dismiss (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that plaintiffs' complaint (Dkt. No. 2) is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**; and it is further

**ORDERED** that plaintiffs may file an amended complaint within thirty (30) days of this Memorandum-Decision and Order; and it is further

**ORDERED** that if an amended complaint is not filed within thirty (30) days of this Memorandum-Decision and Order, the action will be dismissed without further order of the court; and it is further

**ORDERED** that Cititrends must respond to plaintiffs' amended complaint within the time allotted by the rules; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 5, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge