**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DENISE J. JACKSON et al.,**

                     **Plaintiffs,**

        **v.**

**CITI TRENDS, INC.,**

                    **Defendant.**
_____

        **6:20-cv-14**
        **(GLS/ATB)**

## <u>SUMMARY ORDER</u>

Plaintiffs *pro se* Denise J. Jackson and Andre K. Jackson, Jr., mother and son, commenced this action against defendant Citi Trends, Inc. in New York State Supreme Court, Oneida County, (Compl., Dkt. No. 2), and Citi Trends subsequently removed the action to this court on the basis of federal question and diversity jurisdiction, (Dkt. No. 1).  Plaintiffs alleged that Citi Trends violated their Fourth Amendment rights and "consumer rights," and treated them with "bias[]" and "prejudic[e]."  (Compl. at 2.)

It was, and still is, difficult to discern exactly which claims plaintiffs brought against Citi Trends, as they merely wrote in generalities about the Fourth Amendment, "consumer rights," and "hate crimes."  (*Id.* at 1-3.) However, reading the complaint liberally given plaintiffs' *pro se* status, the

court assumed that plaintiffs attempted to allege the following claims: (1) a Fourth Amendment claim; (2) a claim pursuant to 42 U.S.C. § 1981; (3) a claim pursuant to 42 U.S.C. § 1983; (4) a New York State Human Rights Law claim; (5) a claim pursuant to Title II of the Civil Rights Act[1]; and (6) an intentional infliction of emotional distress claim pursuant to New York State law.  (Dkt. No. 22 at 4.)

The court granted Citi Trends' motion to dismiss in a June 5, 2020 Memorandum-Decision and Order (hereinafter "the June 2020 Order"). (Dkt. Nos. 12, 22.)  However, "[g]iven their *pro se* status, and because, with the exception of the Title II claim, amendment may [have] cure[d] plaintiffs' deficient claims," the complaint was dismissed without prejudice and with leave to amend.  (Dkt. No. 22 at 13.)  Plaintiffs then filed a timely amended complaint, in which they, again, fail to specify the exact claims asserted against Citi Trends.  (Am. Compl., Dkt. No. 23.)

Now pending is Citi Trends' motion to dismiss the amended complaint.  (Dkt. No. 27.)  The motion is granted, and plaintiffs' amended complaint is dismissed for the same reasons explained in the June 2020 Order.  (Dkt. No. 22.)  Indeed, as argued by Citi Trends, (Dkt. No. 27,

---

[1]  *See* 42 U.S.C. § 2000a.

Attach. 1 at 1), plaintiffs' amended complaint does nothing to cure any of the defects that the court identified for them when dismissing their initial complaint.  Plaintiffs do not allege that Citi Trends was a state actor or acted under color of state law, nor do they allege that they were prevented from purchasing items from Citi Trends.  (*See generally* Am. Compl.) Rather, they merely renewed their request for an order compelling production of a certain video-recording of the incident in question,[2] added an allegation that a Citi Trends employee used a racial slur towards them, and added new claims of "intentional tort" and "professional misconduct." (*Id.*)

As noted in the June 2020 Order, plaintiffs' claims pursuant to Section 1983, including the Fourth Amendment claim, must be dismissed because, viewing the amended complaint in the light most favorable to plaintiffs, Citi Trends, a private retail establishment, is not a state actor and

---

[2]  Plaintiffs, again, appear to claim that they will be able to prove their claims after discovery—specifically, after they are provided a video-recording of the relevant events.  (Am. Compl.)  But, as previously explained to plaintiffs on numerous occasions, "discovery is not for the purpose of finding a cause of action."  *See Perez v. Johnson*, No. 07 Civ. 3761, 2008 WL 2876546, at *3 (S.D.N.Y. July 23, 2008).  Indeed, discovery is not needed at this phase of the litigation because the court accepts as true all allegations asserted in the amended complaint.  *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008).

was not acting under color of state law.  (Dkt. No. 22 at 6-7); *see Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("In order to state a claim under § 1983, a plaintiff must allege that [his federal statutory or constitutional rights were violated] by either a state actor or a private party acting under color of state law." (citation omitted)); *White v. Monarch Pharm., Inc.*, 346 F. App'x 739, 740 (2d Cir. 2009) ("Private actors and institutions generally are not proper defendants to a 42 U.S.C. § 1983 action, because they do not act under color of state law." (citation omitted)).

Further, as explained in the June 2020 Order, to the extent plaintiffs assert a claim pursuant to 42 U.S.C. § 1981, it must be dismissed because, accepting their allegations as true, plaintiffs were not prevented from purchasing anything from Citi Trends; rather, at most, their service was delayed.  (Dkt. No. 22 at 8-10); *see Benzinger v. NYSARC, Inc. N.Y.C. Chapter*, 385 F. Supp. 3d 224, 234 (S.D.N.Y. 2019) ("Virtually all federal courts that have analyzed Section 1981 claims in the retail merchandise context have required the plaintiff to show that he was actually prevented from making a purchase." (quoting *Rogers v. Elliott*, 135 F. Supp. 2d 1312, 1315 (N.D. Ga. 2001)); *Hammond v. Kmart Corp.*, 733 F.3d 360, 362 (1st

4

Cir. 2013) ("[T]o satisfy the foundational pleading requirement for a [§ 1981] suit . . . a retail customer must allege that he was actually denied the ability either to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship, by reason of a race-based animus." (emphasis and citation omitted)).

Finally, because all of the federal claims are dismissed by this Summary Order,[3] and the court declines to exercise supplemental jurisdiction over any state law claim due to the nascent nature of the action, such state law claims are dismissed as well. *See Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." (citations omitted)).

Accordingly, it is hereby

---

[3] Plaintiffs continue to make general references to "hate crimes" in their amended complaint and in their response to Citi Trends' motion to dismiss. (Am. Compl.; Dkt. No. 29 at 1-5.) Accordingly, the court will remind plaintiffs that "the federal criminal hate crime statute, 18 U.S.C. § 249(a), does not create a private right of action." *Pierce v. N.Y. State Police (Troop D Lowville)*, No. 7:05-CV-1477, 2011 WL 1315485, at *7 (N.D.N.Y. Apr. 4, 2011) (citations omitted).

**ORDERED** that Citi Trends' motion to dismiss (Dkt. No. 27) is

**GRANTED**; and it is further

**ORDERED** that plaintiffs' amended complaint (Dkt. No. 23) is

**DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

November 9, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge